*1119 OPINION.'
Trussell :
1. In arriving at his determination in this case the Commissioner has taken the position that the petitioner, when he turned in his stock in the Mechanics Bank and received stock in the First National Bank, was a party to an exchange of securities, and that there were two separate blocks of securities, one block of 300 shares which had cost the petitioner $99,032.88, and another block of 75 shares which had cost the petitioner $11,250, and that the petitioner realized a gain on the exchange of the latter block. We are unable to follow the Commissioner in his view of this matter. The petitioner acquired the 75 shares of the Mechanics Bank stock by the exercise of a stockholder’s right to purchase same at a given price less than their true value. For the purpose of ascertaining whether a gain or loss results from the future disposition of such stock all the shares held, including the 300 formerly held and the 75 shares acquired, must be treated as one property and the rule laid down in the case of Miles v. Safe Deposit & Trust Co., 259 U. S. 247, 252, 253, is controlling in respect of this phase of this case.
When the petitioner had paid for his additional shares of Mechanics Bank stock he was then the owner of 375 shares of such stock which had cost $110,282.88. The stock of the First National Bank which he received by virtue of consolidation had a market value of $105,000. If this transaction is considered merely as an exchange of stock of one bank for the stock of another bank, the market value of the latter being less than the cost of the former, there could be no gain derived from such transaction. Goodrich v. Edwards, 255 U. S. 527, 535.
When the Mechanics Bank, together with two other banks, brought about a consolidation and the formation of the First National Bank, the Mechanics Bank, acting in its corporate capacity, transferred to the First National Bank acceptable assets of an agreed value of $5,250,000, together with all its other assets which .had a book value of $5,716,598.12, $5,250,000 of which was a contribution to the capi *1120 tal of the new bank and $466,598.12 of which was to be held by the new bank, and out of this fund taxes accrued against the Mechanics Bank and anjr undisclosed liabilities were to be paid and the balance converted into cash and distributed to the stockholders of the Mechanics Bank and it was expected that there would result a considerable sum thus distributable to this petitioner and the other stockholders of the Mechanics Bank. The First National Bank thus became in effect the liquidation agent of the Mechanics Bank, and when the First National Bank delivered to this petitioner his pro rata number of the shares of the First National Bank it did so as such liquidating agent, and the market value of the shares of the First National Bank delivered to the petitioner having been less than the cost of the shares of the Mechanics Bank owned by the petitioner there could be no gain realized at that time. Whether when the assets of the Mechanics Bank shall have been finally liquidated this petitioner shall realize a gain or a loss from the transaction is not here in issue.
2. When in 1918 this petitioner created the trust estate described in the findings of fact he conveyed and granted to it certain properties and securities and all interest therein forever; likewise when at other times he made further grants or gifts to this trust estate he also parted with all title and interest in such grants or gifts forever. And, when during the latter days of 1920, he made a gift of a sum of money to this trust estate, he made such gift under the terms of the trust deed, and upon delivery of the money so granted its title vested instanter in the trust estate and this petitioner then parted with all title and interest in and to such moneys absolutely and forever. The fact that at or about the same time the trust estate used such money for the purpose of purchasing securities which this petitioner had placed in the hands of a recognized broker for sale can not be interpreted as placing any restrictions or qualifications upon the grant of the moneys. This petitioner then had no more control over the use of such moneys in the hands of the trust estate than he had over the use of securities and properties previously granted to such trust estate. We are thus held to the conclusion that, when this petitioner placed the securities described in the findings of fact in the hands of his brokers for sale and received from such brokers the selling price thereof, less commissions, it being agreed that the amount so received represented the true market value of such securities at that time, this petitioner realized a loss from the sale of such stocks and is entitled to deduct such loss from his gross income for the year in which the transaction occurred.
Order of redetermination will ~be entered ■ on 15 days’ notice, under Rule 50.